# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **BRYANT RICHARD**<br>    LDOC #464119<br>VS.<br><br>**ALLEN CUPP** | **CIVIL ACTION NO. 08-1544**<br><br>**SECTION P**<br>**JUDGE JAMES**<br>**MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Bryant Richard, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 10, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Caldwell Correctional Center, Grayson, Louisiana, however he complains about conditions of confinement at the Richland Detention Center (RDC), Rayville, Louisiana, where he was previously imprisoned. Plaintiff prays for compensatory damages of $25,000,000 from RDC's Warden Allen Cupp, the sole defendant named in his complaint. This matter has been referred to the undersigned for review report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## *Statement of the Case*

In his original complaint filed on October 20, 2008, plaintiff made the following claims. Plaintiff, an LDOC inmate, was incarcerated at the RDC. During his incarceration at RDC he experienced the following : (1) overcrowding, (2) unsanitary toilets, (3) imposition of sales tax on commissary items, (4) overcharging for postage, (5) interference with the plaintiff's ability to

file this complaint, (6) smoking in the cafeteria, (7) the use of racial slurs and profanity by prison guards, (8) no non-smoking dorm, and, (8) inadequate personal hygiene opportunities. [rec. doc. 1, ¶IV] On December 2, 2008, plaintiff notified the Court of his transfer to the Caldwell Correctional Center. [rec. doc. 4]

On December 18, 2008, the undersigned completed an initial review of the complaint and directed plaintiff to amend to provide more specific information. Among other things, the undersigned observed that plaintiff had not "... indicated when and for how long a period of time he was exposed to these conditions of confinement." Further, the undersigned noted that plaintiff had not "... indicated whether he sustained any injury or harm as a result of his exposure to these conditions." Accordingly, plaintiff was directed to "... amend his complaint to provide a more detailed description of the conditions complained of and, ... [to] describe in detail the harm or injury he sustained as a result." [rec. doc. 5] Further, plaintiff was instructed on the applicable principals of law with regard to supervisory liability and deliberate indifference; he was then directed to show "personal involvement" and "deliberate indifference" on the part of Warden Cupp. [*Id.*]

On December 24, 2008, he submitted an amended complaint. Therein he made the following claims: (1) due to overcrowding, plaintiff, along with 24 other inmates, slept on the floor for 16 nights during the period from April 22 - May 6, 2008; (2) prisoners in the dorm are provided only a mop and a broom for cleaning and the toilets smell and the showers are moldy; (3) an 8% sales tax is levied on items purchased in the prison commissary; (4) on June 17, 2008, plaintiff was charged 43¢ each or $4.30 for a book of postage stamps; (5) on May 15, 2008, plaintiff submitted a Section 1983 complaint form to be signed and it was never returned and

2

therefore plaintiff was obliged to "redo" the complaint form which was ultimately submitted to this Court; (6) on May 13, 2008, Deputy Wilson was smoking in the cafeteria while a meal was being served; (7) on May 26, 2008, Lt. Ham used a racial slur when speaking to another Deputy about a fellow inmate; and, (8) inmates are provided outdoor recreation at 8:00 a.m., but must stay in their "sweaty jumpers" until 4:30 p.m. when they are allowed to shower (according to plaintiff this practice has caused inmates to develop staph infections.) [rec. doc. 6]

## Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's original complaint sets forth his claim and the basis for his cause of action. Since the complaint lacked detail, plaintiff was provided some instruction on the law and ordered

to amend his complaint to provide more specific information. He need not be permitted further amendment because his claims are manifestly frivolous.

## 2. Conditions of Confinement – Overcrowding, unsanitary toilets and showers, smoking in the cafeteria and personal hygiene opportunities.

Plaintiff's original and amended complaints imply that he was exposed to unconstitutional conditions of confinement during his stay at RDC. More specifically he complains that due to prison overcrowding he was required to sleep on the floor for the period of 16 days from April 22 - May 6, 2008; that the toilets and showers were unsanitary; that a Corrections Officer smoked in the cafeteria on May 13, 2008; and that inmates were required to wear "sweaty jumpers" following outdoor recreation.

Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. Thus, while the Eighth Amendment does not prohibit punishment it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. See *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Thus, while the Eighth Amendment does not mandate comfortable prisons, nevertheless, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "<u>so serious as to deprive prisoners of the minimal measure of life's necessities</u>," as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under a subjective standard, it must be shown that the

responsible prison officials acted with <u>deliberate indifference to the prisoner's conditions of confinement</u>. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that only the <u>unnecessary and wanton infliction of pain</u> implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations.

As shown above, federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). By his own admission, plaintiff was required to sleep on the floor of his dormitory for a period of just over 2 weeks; he was exposed to smelly and "unsanitary" toilets and moldy showers; he was provided only 1 shower per day; and, on one occasion, a corrections officer smoked in the cafeteria. Such claims simply do not rise to the level of cruel and unusual punishment as defined by the jurisprudence.

Further, with regard to these claims, plaintiff has not alleged that he sustained any harm

6

or injury as a result to his exposure to the complained of conditions. Plaintiff claimed that inmates – in general – have developed staph infections because they were not allowed to shower more than once a day; however, plaintiff did not allege that he himself suffered any harm or injury. Even accepting his allegations as true and reading them as broadly as possible, plaintiff has clearly alleged no more than a *de minimis* injury resulting from the alleged constitutional violations. Plaintiff's failure to allege injury as a result of his exposure to the various conditions of confinement is sufficient to warrant dismissal of his conditions of confinement claims since in order to recover damages for exposure to dangerous conditions, a prisoner must show that he suffered an actual physical injury. See 42 U.S.C. § 1997e(e); compare *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir.2003, *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004).

Plaintiff, at worst, was inconvenienced and not injured or otherwise harmed by the conditions complained of; these conditions cannot rationally seriously be equated to "cruel and unusual punishment" since the deprivations alleged were not so extreme as to "... rise to a level that results in physical torture..." *Bradley v. Puckett*, 157 F.3d at 1025. Plaintiff's Eighth Amendment conditions of confinement claims are frivolous.

### 3. Sales Tax and Postage

Plaintiff also complains that the prison commissary is not authorized to collect sales tax on inmate purchases. He implies that this policy is unconstitutional but does not explain how he arrives at such a conclusion. To the extent that the policy described violates Louisiana Law, such a contention fails to state a claim for which relief may be granted. Section 1983 provides relief for invasions of rights protected under federal law. *City of Monterey v. Del Monte Dunes at*

7

*Monterey, Ltd.*, 526 U.S. 687, 709, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1997). To establish liability under 42 U.S.C. § 1983, a civil rights plaintiff must establish two elements: (1) state action, i.e., that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, i.e., that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. See *Collins v. City of Harker Heights*, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Baker v. McCollan*, 443 U.S. 137, 142, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir.2002). Plaintiff does not demonstrate a violation of the constitution or laws of the United States and therefore his claim must be dismissed as frivolous.

He also claims that on one occasion, on June 17, 2008, he was charged an additional 10¢ for a book of stamps and that this practice violated federal law. He has not, however, shown which federal law this practice violates. Nor has he shown any prejudice (other than the loss of 10¢) arising as a result of this incident. The *de minimis* nature of this claim warrants dismissal as frivolous.

*4. Access to Courts*

Plaintiff claims that the Warden interfered with his right of access to the courts when he failed to return a copy of plaintiff's original civil rights complaint which was tendered to the Warden on May 15, 2008. The right of access to the courts assures that no prisoner will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996); *Norton v. Dimazana*, 122 F.3d 286, 289 (5th Cir.1997).

Plaintiff's claim, if true, establishes that Warden Cupp attempted to interfere with

8

plaintiff's right of access to the courts. However, in order to demonstrate that the defendant actually deprived him of his constitutional right of access to the courts, plaintiff must allege and prove facts to establish that he suffered some prejudice as a result of the deprivation. See *Lewis v. Casey*, 518 U.S. at 350-355, 116 S.Ct. at 2179- 81; *Eason v. Thaler*, 73 F.3d at 1328; *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.1992), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992); and *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988).

Plaintiff has wholly failed to allege any specific facts establishing that he was actually prejudiced in connection with any pending or contemplated legal proceeding by the alleged wrongful act of the defendant. Plaintiff has not shown that defendant ultimately prohibited or inhibited him from filing the instant civil action. Thus, having failed to demonstrate prejudice, plaintiff's access to court claim must also be dismissed as frivolous.

### 5. Racial Epithets

Finally, plaintiff complains that on one occasion, he overheard a prison guard using a racial epithet in a conversation with another guard. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Plaintiff's complaint does not establish a constitutional violation. Even verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5 Cir.1993), *Siglar v. Hightower*, 112 F.3d 191 (5 Cir.1997.)

This claim, too, must be dismissed as frivolous.

*6. Damages*

Plaintiff prayed for damages of twenty-five million dollars. [rec. doc. 1, ¶V] He was specifically directed to amend his complaint to allege any injury or prejudice he suffered as a result of his various complaints. [rec. doc. 5] Nothing in his amended complaint suggests that he suffered any particular harm as a result of the various complaints raised herein. [rec. doc. 6]

As noted above, Title 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act (PLRA) of 1996. Under §1997e(e), prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997). Plaintiff has alleged no physical injury resulting from the complained of conditions experienced during his incarceration at RDC, yet he seeks monetary damages. Plaintiff thus implies that he sustained mental or emotional injuries as a result of the defendant's actions. Plaintiff was clearly not physically or otherwise injured by conditions complained of and therefore §1997e(e) prohibits him from recovering monetary damages.

In short, each of plaintiff's claims are manifestly frivolous and dismissal on that basis is recommended. Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, March 4, 2009.

  KAREN L. HAYES
  U. S. MAGISTRATE JUDGE